■ In the Matter of SABRINA CORPORATION, Appellant, v FRANK JONES et al., Respondents. [605 NYS2d 320] —In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Islip, dated July 10, 1990, which, *inter alia,* directed the owner of a certain piece of real property located on Lincoln Avenue to remove litter, construction and demolition debris therefrom, the petitioner lessee of the property appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated May 9, 1991, which denied the petition without a hearing.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, it lacked standing to challenge the Town Board's resolution directing the owner of the property to expeditiously clean up the solid waste on the premises. Aggrievement warranting judicial review requires a threshold showing that a person has been adversely affected by the activities of the respondents *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406). In the instant case, the petitioner did not show that it had sustained

any injury by the Town's action directing the owner of the property to clean up the waste which the petitioner had previously agreed to remove, but had failed to do so.

In any event, the Town Board's resolution was not illegal, arbitrary or capricious. In view of the facts contained in the record that there were outbreaks of flame and smoke from the subsurface fire burning on the subject property, the Town Board's resolution was properly passed and cannot be characterized as arbitrary or capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). We also note that the Board acted in a lawful manner pursuant to the Town Law § 64 (5-a) and Islip Town Code § 32-5.

Since the adoption of the resolution was a ministerial function authorized by the statute, no hearing was due the petitioner (see, Lane v City of Mount Vernon, 38 NY2d 344; Matter of Jewett v Luau-Nyack Corp., 31 NY2d 298, 306).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.